RIVERA ET AL., DEMANDANTES Y APELANTES, *v.* RIVERA ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Segundo Distrito, en pleito sobre nulidad de testamento.

No. 2691.—Resuelto en diciembre 19, 1922.

NULIDAD DE TESTAMENTO—CAUSA DE ACCIÓN—DEMANDA INSUFICIENTE.—No aduce hechos suficientes para determinar una causa de acción una demanda para obtener la declaratoria de nulidad de un testamento ológrafo por contener disposiciones favorables a un hijo adulterino del testador, cuando en la misma no se alega que dicho hijo fuera instituído heredero en el testamento y sí sólo que se le hizo un legado sin demostrar que el mismo excediera del tercio de libre disposición.

ID.—ID.—FACULTAD DE LA CORTE.—Cuando la demanda no establece una causa de acción, aunque el demandado no interponga excepción previa en tal sentido, la corte puede *motu propio* desestimar la demanda por ese fundamento.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. M. Moraza.*

Abogados de los apelados: *Sres. M. Tous Soto* y *M. F. Rossy.*

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

Este es un pleito en donde se solicita la nulidad de un testamento ológrafo, y la nulidad se funda en que contiene disposiciones favorables a un hijo adulterino del testador.

La corte inferior dictó sentencia declarando sin lugar la demanda, y la opinión de la corte resolviendo el caso es como sigue:

"Las partes, representadas por sus abogados respectivos han sometido este caso para su resolución final, sin celebración de juicio, pues han admitido todos y cada uno de los hechos alegados, y las cuestiones a resolver son puramente de derecho. Vistas las alegaciones de la demanda enmendada, y de la contestación, así como los casos civiles tramitados ante esta corte, bajo los números 1883, 1895 y 1923, que por virtud de la anterior estipulación se han tenido en cuenta para resolver este pleito;

"Y considerando que la demanda enmendada no puede apreciarse si el importe de los alegados por el testador a Manuel Rivera Díaz es o no mayor que el tercio del total de la herencia, no pudiendo, por tanto, deducirse si el testamento ológrafo de Manuel Rivera Marrero afecta la legítima de su heredera universal declarada por esta corte, Edelmira Rivera Vázquez;

"La corte es de opinión que dicha demanda enmendada no expone hechos suficientes para constituir una causa de acción, y por tanto, dicta sentencia declarando sin lugar dicha demanda, con las costas a los autores."

Las alegaciones 4ª, 5ª y 6ª de la demanda son de esencial importancia porque ellas constituyen la base para sostener las conclusiones a que debemos llegar en este caso. El texto literal de dichas alegaciones dice así:

"4º. Que en siete de julio de mil novecientos diez y ocho, nació también en esta ciudad, un niño, al cual se le puso por nombre Manuel, y fué inscrito en el Registro Civil de San Juan, como hijo natural reconocido de Manuel Rivera y Marrero.

"5º. Que el referido niño Manuel Rivera, aparece ser hijo de Rosa Díaz, casada que fué con Antonio Miranda, cuyo matrimonio fué disuelto por sentencia en caso de divorcio dictada por la Corte de Distrito del Distrito Judicial de San Juan, el día treinta y uno de mayo de mil novecientos diez y ocho, por la causa de adulterio de la mujer, precisamente con Manuel Rivera y Marrero.

"6º. Que Manuel Rivera y Marrero, falleció bajo el testamento ológrafo que otorgara el día veintiocho de julio del año mil novecientos veinte, bajo las siguientes disposiciones:

"Deja a su hermana Lina _____ $75.00
"Deja a su hermano José _____ 25.00
"Deja a su hermano Jenaro _____ 200.00
"Deja a su hija Edelmira_____ 200.00

"Dejando además a ésta una casa en la parada 21, Santurce, y otra en la parada 23 a su hijo Manolín.

"Un dinero que quedó en el cajoncito del escritorio y quinientos dólares que había en la segunda gavetita, que un tal Engracia tiene trabajando, y el billar para Rosa y su hijo Manolín, para que los empleen en una casita.

"Que Engracia tiene $650 y según balance de 29 de junio de 1920, había de utilidades para los dos $1,184.83. (Esta es una sociedad para compra y venta de víveres del país, que tenían Engracia Lozada y el testador Manuel Rivera y Marrero) a partir los beneficios entre ambos."

Ni en la alegación 6ª que copiamos ni en ninguna otra de la demanda se alega que el testador haya instituído heredero a Manuel Rivera Díaz sin que se pueda presumir que se dé ese carácter al llamarle "hijo" el testador. Más bien se desprende de la demanda que el testador hizo la distribución de sus bienes en las personas que designa, y entre ellas, no designándose a Manuel Rivera Díaz como heredero instituído, la porción que recibe había que considerarla como un legado o donación. Siendo esa la conclusión, debió alegarse que en uno u otro caso aquella porción excedía a la cuota de libre

disposición para que se declarara inoficiosa o nula en el exceso. Véase el artículo 807 del Código Civil en relación con la sección 2 de la ley para modificar y derogar los artículos 795, 796, 797, 801, 811, 812, 815, 821, 822, 823 y 824 del Código Civil vigente, aprobada en marzo 9, 1905.

Nuestro Código Civil vigente es claro y preciso en materia de sucesiones. El impone a todo testador la obligación de designar al heredero de un modo que no dé lugar a dudas. No obstante, omitiéndose en alguna forma hacer institución expresa de herederos, hay que presumir que el testador había dejado a la ley que hiciera esa declaración llamando a la sucesión a los herederos legítimos, pero en todo caso se respetarían las demás disposiciones del testador dentro de las limitaciones que la misma ley determina. Artículo 752 del Código Civil Revisado.

El apelante no hace un señalamiento de errores en su alegato y dudamos que él haya cumplido con las reglas de esta Corte Suprema. En el curso de su argumentación únicamente alega que la corte inferior infringió los artículos 109 y 105 de la Ley de Enjuiciamiento Civil, porque la excepción de falta de causa de acción no fué opuesta por el demandado Rivera Díaz, y siendo ello así, la corte inferior ha debido tener esa excepción por renunciada. No se citan autoridades legales por el apelante, pero es cuestión ya resuelta que la excepción previa de que una demanda no aduce hechos suficientes para determinar una causa de acción, es una alegación que puede hacerse por primera vez ante este Tribunal Supremo, y de la cual puede conocer tanto el tribunal sentenciador como el de apelación, de su propia iniciativa, aún cuando no haya sido alegada por las partes. *Jiménez* v. *Sucesión Guarch,* 11 D. P. R. 69; *Ramírez* v. *Schroder et al.,* 16 D. P. R. 620. Añade, además, que se infringió por la corte inferior el artículo 699 del Código Civil. Este artículo se refiere al deber de una persona que tiene depositado un testamento ológrafo de presentarlo a la corte de distrito luego que

tenga noticia de la muerte del testador, pero en absoluto tiene aplicación ni relación con la cuestión fundamental que envuelven las pretensiones de los demandantes en este caso.

La demanda, por tanto, no aduce hechos suficientes para determinar una causa de acción, y la sentencia de la corte inferior debe confirmarse.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.